IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JUDY WHITE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 13-cv-2173-JDT-tmp |
| | ) | |
| DELORES STEPHENS, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Before the court by order of reference is plaintiff Judy White's Motion for Default Judgment against defendants Memphis Federal Prison, Midatlantic Regional Office of the Federal Bureau of Prisons, and Federal Bureau of Prisons (collectively, "BOP"), and the United States Department of Justice ("DOJ").[1] (ECF No. 56.) In her motion, Mrs. White states that she served these defendants with a copy of the summons and complaint on April 11 and 12, 2013, and that because they did not answer the complaint within sixty days as required by Fed. R. Civ. P. 12(a)(2), she is entitled to default judgment.

---

[1] Mrs. White's motion includes a "Joinder of Plaintiff Gary White in Judy White's Motion for Default Judgment." (ECF No. 56-1.) Gary White is Mrs. White's husband and was a co-plaintiff on the original complaint. However, on June 19, 2013, the court ordered Mr. White's claims severed from Mrs. White's claims, and opened a new case on Mr. White's claims. (Civ. No. 2:13-cv-2441.) Since then, the court has dismissed Mr. White's case. Only Mrs. White remains as a plaintiff in the present action.

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Section (a) of Rule 55 deals with entry of a technical default by the Clerk, and section (b) deals with entry of a default judgment, either by the Clerk or by the court itself. Entry of a technical default under section (a) is different from, and must precede, entry of a default judgment under section (b). See Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1530 (11th Cir. 1985); Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co., 244 F.R.D. 317, 328 (E.D. Va. 2007); Atlanta Gas Light Co. v. Semaphore Adver., Inc., 747 F. Supp. 715, 718 (S.D. Ga. 1990); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Entry of a technical default by the Clerk is the "first procedural step on the road to obtaining a default judgment," and must be obtained before a default judgment may be granted. Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir. 1986); see also United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983); Ortiz v. Lasker, No. 08-CV-6001L, 2008 WL 5110984, at *1 (W.D.N.Y. Dec. 2, 2008); Garrison v. Transunion, No. 08-10859, 2008 WL 4940795, at *1 (E.D. Mich. Nov. 17, 2008); Corsair Memory, Inc. v. Corsair7.com, No. C 08-03460, 2008 WL4820789, at *2 (N.D. Cal. Nov. 4, 2008); Axact (PVT), Ltd. v.

Student Network Res., Inc., No. 07-5491, 2008 WL 4754907, at *1 (D.N.J. Oct. 22, 2008); Hickman v. Burchett, No. 2:07-cv-743, 2008 WL 926609, at *1 (S.D. Ohio Apr. 4, 2008).  In order to obtain an entry of default under Rule 55(a), an application for entry of default must be filed with the Clerk, along with an affidavit or other competent proof of the defendants' failure to plead or otherwise defend the action.  The Clerk will examine the application and, if the requirements of Rule 55(a) are met, certify that the defendants are in default.  At that time, the plaintiff may file a motion for default judgment, accompanied by the Clerk's certificate of default.  Since Mrs. White has not obtained the entry of default by the Clerk, her motion for entry of default judgment is premature.

Moreover, on May 30, 2013 (prior to the filing of the Motion for Default Judgment), the Assistant U.S. Attorney, on behalf of the federal defendants, including Attorney General Eric Holder (head of the DOJ)[2] and the BOP, filed a motion for an additional sixty days to answer or otherwise plead.  The court granted that motion.  (ECF No. 45, Order Granting Defendants' Motion for Extension of Time to Answer or Otherwise Plead.)  Thus, the BOP and DOJ were not yet required to answer the complaint at the time that Mrs. White filed her Motion for Default Judgment.

---

[2] See Ponzi v. Fessenden, 258 U.S. 254, 262 (1922).

Finally, Rule 55(d) of the Federal Rules of Civil Procedure provides that "default judgment may be entered against the United States, its officers, or its agencies *only if the claimant establishes a claim or right to relief by evidence that satisfies the court*." Fed. R. Civ. P. 55(d) (emphasis added); see also George v. Internal Revenue Serv., 344 F. App'x 309, 311 (9th Cir. 2009) ("The district court properly denied George's request for entry of default judgment against the federal defendants because the mere failure to answer a complaint within the statutory deadline is not a sufficient ground for entry of default judgment against the government."); Spotts v. Hock, No. 10-353-GFVT, 2011 WL 5024437, at *2 (E.D. Ky. Oct. 19, 2011) (noting that "Rule 55(d) requires a party seeking default judgment against federal officers to provide evidence to substantiate his claim on the merits"); United States v. McCloud, No. 07-15013, 2008 WL 4277302, at *11 (E.D. Mich. Sept. 17, 2008) (denying motion for default judgment on defendant's counterclaim against the United States because movant had not pointed to evidence to show his claim had merit as required by Rule 55(d)). Mrs. White's motion is not supported with any evidence to substantiate her claims against the BOP or DOJ.

For the above reasons, it is recommended that Mrs. White's Motion for Default Judgment be denied.

Respectfully submitted,

                              s/ Tu M. Pham
                              TU M. PHAM

United States Magistrate Judge

January 14, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**