IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JUDY WHITE, )
 )
    Plaintiff, )
 )
VS. ) No. 13-2173-JDT-tmp
 )
DELORES STEPHENS, ET AL., )
 )
    Defendants. )
 )

ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING SUMMARY JUDGMENT ON ALL REMAINING CLAIMS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

    Judy White and Gary L. White filed a *pro se* civil complaint on March 19, 2013, and paid the filing fee. (ECF No. 1.) However, the Court subsequently severed the Plaintiffs claims, directing the Clerk to apply the filing fee already paid to this case and to open a new civil action for Mr. White's claims. (ECF Nos. 42 & 48.)¹ On November 25, 2013, all of the Defendants except for Charles Wallace filed a motion to dismiss.² (ECF No. 80.) United States Magistrate Judge Tu M. Pham issued a Report and Recommendation ("R&R") on

---

¹ Mr. White, an incarcerated prisoner, was ordered to either pay a separate filing fee or submit a motion to proceed *in forma pauperis* and a trust account statement within 30 days. (ECF No. 48 at 2.) He failed to do so, and his claims were dismissed. *White v. Stephens*, No. 13-2441-JDT-tmp (W.D. Tenn. Aug. 2, 2013).

² Wallace filed a separate motion to dismiss on June 26, 2013 (ECF No. 52), which was granted on February 24, 2014. (ECF Nos. 86 & 97.)

August 28, 2014, in which he recommended granting the Defendants' motion to dismiss except with regard to Plaintiff's First Amendment retaliation claim. (ECF No. 99.) On September 30, 2014, the Court adopted the Magistrate Judge's R&R. (ECF No. 107.)

Defendants filed a second motion to dismiss the First Amendment retaliation claim on September 23, 2014 (ECF No. 106), but Plaintiff did not file a response. On October 31, 2014, Magistrate Judge Pham issued an order directing Plaintiff to show cause why the Defendants' second motion to dismiss should not be granted. (ECF No. 119.) Plaintiff failed to respond in any manner to the show cause order. On August 28, 2015, the Magistrate Judge issued an R&R recommending the second motion to dismiss be granted. (ECF No. 127.) In addition, Magistrate Judge Pham issued an order pursuant to Federal Rule of Civil Procedure 56(f)(3), directing the parties to show cause why summary judgment should not be granted on Plaintiff's tort claims for conversion, theft and intentional infliction of emotional distress. (ECF No. 128.)[3] Despite receiving an extension of time in which to file objections to the R&R and to respond to the show cause order (ECF No. 135), Plaintiff has failed to do so.

In the R&R, Magistrate Judge Pham found that Plaintiff had sufficiently alleged facts that could establish the first two elements of a First Amendment retaliation claim: that she engaged in protected conduct and that she was subjected to adverse actions that would deter a person of ordinary firmness from continuing to engage in that conduct. (*See* ECF No. 128

---

[3] Defendants did not address these claims in either of their motions to dismiss.

at 12-18 (*citing Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).) However, the Magistrate Judge also determined that Plaintiff had not sufficiently alleged facts to establish the third element, that the adverse actions were motivated, at least in part, by the constitutionally protected activity. (*Id.* at 19-22.) The Court finds that analysis to be sound and well-reasoned.

Magistrate Judge Pham also determined that Plaintiff's claims for conversion, theft and intentional infliction of emotional distress are barred by the Federal Tort Claims Act ("FTCA"), which prohibits claimants from bringing suit in federal court unless they have exhausted their administrative remedies. (*See id.* at 2-3 (*citing Garzon v. Luttrell*, 24 F. App'x 400, 402 (6th Cir. 2001) ("Failure to exhaust administrative remedies deprives a federal court of jurisdiction over the claim".)).) Plaintiff does not allege, and there is no evidence in the record to suggest, that she has exhausted her administrative remedies as to these claims. The Court agrees with the Magistrate Judge's conclusion that these tort claims are barred by the FTCA.

For the foregoing reasons, the R&R is ADOPTED, and the Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim is GRANTED. In addition, pursuant to Federal Rule of Civil Procedure 56(f)(3), summary judgment is GRANTED to the Defendants on Plaintiff's remaining tort claims.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate

Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant Defendants' motion to dismiss and to grant summary judgment on the remaining claims also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE